# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. ELLIOT MCGUCKEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ERA FRANCHISE SYSTEMS, LLC, a Delaware limited liability company; ASPIRE REALTY, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**:<br>1. COPYRIGHT INFRINGEMENT<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br>3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br>**JURY TRIAL DEMANDED** |

DR. ELLIOT MCGUCKEN, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff DR. ELLIOT MCGUCKEN ("MCGUCKEN") is an individual residing in Los Angeles, California.

5. MCGUCKEN is informed and believes and thereon alleges that Defendant ERA FRANCHISE SYSTEMS, LLC ("ERA") is a Delaware limited liability company with a principal office at 175 Park Avenue, Madison, NJ 07940 does business in and with the state of New York and this District through their office at 21921 Jamaica Ave, Queens Village, NY 11428, and was the Franchiser of ERA FRONTIER REALTY (now known as ASPIRE REALTY, LLC).

6. MCGUCKEN is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed MCGUCKENs copyrights, have contributed to the infringement of MCGUCKEN's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to

MCGUCKEN, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. MCGUCKEN is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of MCGUCKEN's rights and the damages to MCGUCKEN proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHY

1. MCGUCKEN is an accomplished and critically acclaimed photographer. His works have appeared in *The Smithsonian Magazine, The National Parks Magazine,* and other fine arts publications. He has authored numerous books and won over 100 photographic awards.

2. MCGUCKEN owns and created original photography of Grand Teton National Park in Oxbow Bend (the "Subject Photography"), is depicted in **Exhibit A**.

3. MCGUCKEN complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photograph, which MCGUCKEN has registered with the United States Copyright Office.

4. MCGUCKEN is informed and believes and thereon alleges that following his publication and display of the Subject Photography, ERA, ASPIRE REALTY LLC , DOE Defendants, and each of them used the Subject Photography without MCGUCKEN's

authorization for commercial purposes in various ways, including, but not limited to, the use on the homepage of "wyomingfrontierrealty.com".

5.   Images of the Subject Photography and screen captures of Defendant's website with the Subject Photography embedded are set forth in **Exhibit B** ("Infringing Content").

6.   Defendants, and each of them, have willfully copied, reproduced, displayed, and distributed the Infringing Content for financial benefit and without MCGUCKEN's consent, as seen in the screen captures and/or URLs depicted in **Exhibit B** hereto.

### EXHIBIT A



4
COMPLAINT

**EXHIBIT B**

**URL: https://wyomingfrontierrealty.com/**



## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants, and Each)

7. MCGUCKEN repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

8. MCGUCKEN alleges on information and belief that Defendants, and each of them, accessed the Subject Photography by without limitation, viewing the Subject Photography on MCGUCKEN'S website or social media profiles, on other sites online, or in physical publications. The identicality of the copying also show access.

9. MCGUCKEN alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photography online at and on websites bearing the URL(s) depicted in **Exhibit B** hereto.

10. MCGUCKEN alleges on information and belief that Defendants, and each of them, infringed MCGUCKEN'S copyrights by creating infringing derivative works from the Subject Photography and publishing same to the public.

11. Due to Defendants', and each of their, acts of infringement, MCGUCKEN has suffered general and special damages in an amount to be established at trial.

12. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of MCGUCKEN's rights in the Subject Photography. As such, MCGUCKEN is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of MCGUCKEN's rights in the Subject Photography in an amount to be established at trial.

13. MCGUCKEN alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

14. MCGUCKEN repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

15. MCGUCKEN alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties for further publication.

16. MCGUCKEN alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution, broadcast, and publication of said content.

17. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, MCGUCKEN has suffered general and special damages in an amount to be established at trial.

18. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of MCGUCKEN's rights in the Subject Photography. As such, MCGUCKEN is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photography, in an amount to be established at trial.

19. MCGUCKEN alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

20. MCGUCKEN repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

21. The Subject Photography was routinely published with attribution, credit, and other copyright management information identifying MCGUCKEN as the author,

22. MCGUCKEN alleges on information and belief that Defendants, and each of them, removed MCGUCKEN's copyright management information, as described above, from the

Subject Photography, and/or added false copyright management information to the Subject Photography, before distributing and publishing same.

23. MCGUCKEN alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photography via websites bearing the URL(s) depicted in **Exhibit B** hereto, under its own name, and removing MCGUCKEN's attribution information, including without limitation his name and/or metadata.

24. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

25. When Defendants distributed and published the Subject Photography, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a). As a result of the foregoing, MCGUCKEN has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

Wherefore, MCGUCKEN prays for judgment as follows:

**Against all Defendants, and Each, with Respect to Each Claim for Relief:**

That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing MCGUCKEN's copyrights in the Subject Photography, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photography from any print, web, or other publication owned, operated, or controlled by any Defendant.

b. That MCGUCKEN be awarded all profits of Defendants, and each of them, plus all losses of MCGUCKEN, plus any other monetary advantage gained by the Defendants, and each of them,

through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of MCGUCKEN's intellectual property rights;

d. That MCGUCKEN be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 and/or §1203;

d. That MCGUCKEN be awarded his costs and fees;

e. That MCGUCKEN be awarded statutory and enhanced damages;

f. That MCGUCKEN be awarded pre-judgment interest as allowed by law; and

h. That MCGUCKEN be awarded further legal and equitable relief as deemed proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: January 19, 2026     By:     */s/ David M.S. Jenkins*
Scott Alan Burroughs, Esq.
David M.S. Jenkins, Esq.
**DONIGER / BURROUGHS**
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com
djenkins@donigerlawfirm.com
*Attorneys for Plaintiff*