UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

DR. ELLIOTT MCGUCKEN, an individual,

               Plaintiff,

          v.

ERA FRANCHISE SYSTEMS, LLC, *et al.*,

               Defendant.

-------------------------------------------------------------------x

Civil Action No. 1:26-cv-00476-JHR

**DEFENDANT ERA FRANCHISE SYSTEMS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND LACK OF VENUE**

(Oral Argument Requested)

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 1

ARGUMENT....................................................................................................................... 3

I.    THIS COURT LACKS PERSONAL JURISDICTION OVER ERA. .............................. 3

    A.   This Court Lacks General Jurisdiction Over ERA. ......................................................... 3

    B.   This Court Lacks Specific Jurisdiction Over ERA. ....................................................... 7

        1.    The Claims Do Not Arise Out of Any New York Transaction of Business or Property Interest (C.P.L.R. 302(a)(1) and (4))........................................................................ 9

        2.    The Claims Do Not Arise Out of Any Tortious Act that ERA Allegedly Committed in New York (C.P.L.R. 302(a)(2)). ....................................................................... 10

        3.    The Claims Do Not Arise Out of Any Tortious Act Outside New York Alleged to Have Caused Injury to Plaintiff In New York (C.P.L.R. 302(a)(3)). ............................ 10

           a.    Plaintiff Does Not Allege Injury In New York................................................... 10

           b.    The Situs of Harm for Copyright Infringement Is  the Domicile of the Owner. .. 11

           c.    Personal Jurisdiction Would Be Improper Under the "Effects Test." ................. 12

        4.    The Exercise of Specific Jurisdiction Would Not Comport With Due Process. ...... 13

II.    VENUE IS IMPROPER ............................................................................................ 14

III.    THE COURT SHOULD NOT GRANT LEAVE TO AMEND................................. 15

CONCLUSION.................................................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11 (2nd Cir. 1997) ..................... 18

*Al-Ahmed v. Twitter, Inc.*, 553 F.Supp.3d 118 (S.D.N.Y. 2021) .......................................... *passim*

*Aybar v. Aybar*, 37 N.Y.3d 274, 282 (2021).................................................................... 7

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 254 (2nd Cir. 2007) ........................................... 15

*Brown v. Lockheed Martin Corp., 814 F.3d 619 (2nd Cir. 2016)* ....................................... 6, 9, 10

*Brown v. Showtime Networks Inc.*, 394 F.Supp.3d 418 (S.D.N.Y. 2019) ......................... 6, 12, 13

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)................................................................ 10

*Calder v. Jones*, 465 U.S. 783 (1984)........................................................................................ 15

*Chen v. Dunkin' Brands, Inc*., 954 F.3d 492 (2d Cir. 2020)......................................................... 7

*Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ......................................................... 7, 8, 10

*George Moundreas and Co. SA v. Jinhai Intelligent Mfg. Co. Ltd.*, No. 20-CV-2626 (VEC), 2021 WL 168930 (S.D.N.Y. Jan. 18, 2021) ............................................................ 7, 10, 12, 16

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011).......................... 6, 8, 10

*Gordon v. Invisible Children, Inc.*, No. 14 Civ. 4122(PGG), 2015 WL 5671919 (S.D.N.Y. Sept. 24, 2015) ............................................................................................................................. 13

*Linzer v. EMI Blackwood Music, Inc.*, 904 F. Supp. 207 (S.D.N.Y. 1995)................................. 17

*Lopez v. Shopify, Inc.*, No. 16 Civ. 9761, 2017 WL 2229868 (VEC) (AJP) (S.D.N.Y. May 23, 2017) .............................................................................................................................. *passim*

*Luke v. Sunwing Travel Group,* No. 20-CV-6141 (PKC) (CLP), 2022 WL 595133 (N.Y.E.D. Feb. 28, 2022) .................................................................................................................. 7, 12

*Mirza v. Dolce Vida Medical Spa LLC*, No. 19 Civ. 6444 (PGG), 2024 WL 3077969 (S.D.N.Y. Jan. 26, 2024)........................................................................................................................ 7

*Pablo Star Ltd. v. Welsh Gov't*, 170 F.Supp.3d 597 (S.D.N.Y. 2016) ............................. 14, 15, 17

*Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) ...................................................... 8

*Sunward Elec's, Inc. v. McDonald*, 362 F.3d 17 (2nd Cir. 2004)................................................ 10

*Walden v. Fiore*, 571 U.S. 277 (2014)....................................................................................... 16

**Statutes**

28 U.S.C. §1400............................................................................................................................ 17

N.Y.C.P.L.R. § 302(a) ...................................................................................................... 10, 11, 12

**Treatises**

3 Nimmer on Copyright § 12.01 ................................................................................................... 14

**INTRODUCTION**

Plaintiff resides in California. Defendants are entities headquartered and doing business in New Jersey and Wyoming. In this action, Plaintiff sues for violations of the Copyright Act for the alleged unauthorized use and alteration of a photograph depicting Grand Teton National Park to promote the Wyoming entity's residential real estate brokerage. The sole allegation in the Complaint touching the State of New York is a conclusory (and incorrect) assertion that the New Jersey entity, ERA Franchise Systems LLC ("ERA"), does business in New York through an office in Queens. Even if this were true, which it is not, it would be insufficient to confer jurisdiction on this Court. Moreover, Plaintiff does not allege any acts within the Southern District of New York, rendering venue improper in this District.

The Court should dismiss the Complaint against ERA.

**STATEMENT OF FACTS**

ERA is a Delaware entity with its principal place of business in New Jersey. (Compl. ¶ 5 p. 2;[1] Declaration of Alex Vidal in Support of ERA Franchise Systems, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue ("Vidal Decl.") ¶ 2.) ERA is a global franchisor of independently owned and operated residential real estate brokerage firms, with franchisees in over 30 countries operating more than 2,300 offices serviced by more than 40,000 real estate agents globally. (Vidal Decl. ¶ 15.) All of ERA's activities are directed from New Jersey. (Vidal Decl. ¶ 2.) ERA does not own, operate, or otherwise control any real estate brokerages or their brokerage operations. (*Id.* ¶ 3.)

---

[1] After paragraph 7 on page 3, the Complaint restarts paragraph numbering at 1. For clarity, citations to the Complaint in this Memorandum include both paragraph and page numbers.

DEF. ERA FRANCHISE SYSTEMS, LLC'S MTD        1        CASE NO. 1:26-CV-00476-JHR

In 2006, ERA entered into a franchise agreement with Defendant Aspire Realty, LLC's predecessor, FastTrack, Inc. ("FastTrack"), a Wyoming corporation with its principal place of business in Rawlins, Wyoming. FastTrack, which operated under the trade name ERA Frontier Realty, was a residential real estate brokerage focusing on the Wyoming market. FastTrack promoted its business at the web address www.wyomingfrontierrealty.com (the "Website"). ERA did not own or operate FastTrack at any time, and ERA did not own, operate, maintain, or have access to post materials on the Website. To ERA's knowledge, FastTrack never operated in New York and never engaged in real estate brokerage operations in New York during the period of the franchise relationship. ERA terminated its franchise agreement with FastTrack in 2025 and since then has had no relationship with FastTrack, contractual or otherwise. (Compl. Exh. B; Vidal Decl. ¶¶ 4-14 and Exh. A §§ 21, 22.7, 22.8, Exhs. B-C thereto.)

Plaintiff resides in California. (Compl. ¶ 4 p. 1.) He alleges that Defendants altered his photograph of Grand Teton National Park and posted it to FastTrack's Website promoting its Wyoming residential real estate business. (Compl. ¶ 6 p. 4, ¶ 22 pp. 8-9, and Exhs. A, B; Gray Decl. ¶¶ 2-4 and Exhs. A-C; Request for Judicial Notice.)

Plaintiff makes no allegations regarding personal jurisdiction over ERA other than the incorrect and conclusory assertion that ERA does business in New York through an office in Queens. (Compl. ¶ 5 p. 1.) Plaintiff makes no allegations regarding the location where the acts complained of in the Complaint occurred.

ERA is a global enterprise, and has entered into franchise agreements with independently owned and operated franchisees in over 30 countries. These franchisees operate more than 2,300 offices serviced by more than 40,000 real estate agents globally. Just six ERA franchisees operate in New York, with only 56 offices serviced by 1,536 real estate agents, representing 0.2% of ERA franchised offices. Like all of its franchise agreements, ERA negotiated these

agreements in New Jersey, and they are governed by New Jersey law and contain New Jersey forum selection clauses. ERA does not maintain a New York office or telephone number, does not employ any individuals who work in a New York office, and does not provide real estate brokerage services in New York. (Vidal Decl. ¶¶ 15-17, 19-23, and Exh. A §§ 21, 22.7, 22.8.)

## ARGUMENT

### I.    THIS COURT LACKS PERSONAL JURISDICTION OVER ERA.

A court "may exercise two types of personal jurisdiction" over a nonresident defendant, general and specific jurisdiction. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2nd Cir. 2016). "Specific jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in a state. General jurisdiction, in contrast, permits a court to adjudicate any cause of action against the corporate defendant, wherever arising, and whoever the plaintiff." *Id.* at 624. "Whether specific or general, however, the exercise of personal jurisdiction over a defendant is informed and limited by the U.S. Constitution's guarantee of due process, which requires that any jurisdictional exercise be consistent with traditional notions of fair play and substantial justice." *Id.* at 625 (cleaned up).

Plaintiff bears the burden of establishing personal jurisdiction over ERA. *Al-Ahmed v. Twitter, Inc.*, 553 F.Supp.3d 118, 124 (S.D.N.Y. 2021); *Brown v. Showtime Networks Inc.*, 394 F.Supp.3d 418, 429 (S.D.N.Y. 2019). Plaintiff may not "rely on conclusory statements without any supporting facts, as such allegations would lack the factual specificity necessary to confer jurisdiction." *Brown v. Showtime*, 394 F.Supp.3d at 430 (cleaned up).

### A.  This Court Lacks General Jurisdiction Over ERA.

The threshold for establishing general jurisdiction over out-of-state defendants is high. A court may assert general jurisdiction over a defendant only when the defendant's "affiliations

with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (cleaned up); *see also Al-Ahmed v. Twitter*, 553 F.Supp.3d at 125; *Lopez v. Shopify, Inc.*, No. 16 Civ. 9761, 2017 WL 2229868 (VEC) (AJP), at *7  (S.D.N.Y. May 23, 2017); *Mirza v. Dolce Vida Medical Spa LLC*, No. 19 Civ. 6444 (PGG), 2024 WL 3077969, at *4 (S.D.N.Y. Jan. 26, 2024). The mere act of registering to do business in New York "does not constitute consent to general personal jurisdiction in New York." *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 496 (2d Cir. 2020); *see also Aybar v. Aybar*, 37 N.Y.3d 274, 282 (2021).

"Except in a truly exceptional case, a corporate defendant may be treated as essentially at home only where it is incorporated or maintains its principal place of business." *Chen*, 954 F.3d at 498 (cleaned up); *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("place of incorporation and principal place of business are paradigm bases for general jurisdiction" (cleaned up)). "A corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 138 n.20; *see also Lopez*, 2017 WL 2229868, at * 5. To render an entity "essentially at home in the forum State," the entity's affiliations must be "comparable to a domestic enterprise." *Daimler*, 571 U.S. at 133 n.11; *see also Luke v. Sunwing Travel Group*, No. 20-CV-6141 (PKC) (CLP), 2022 WL 595133, at * 4 (N.Y.E.D. Feb. 28, 2022) (allegation that defendant transacted business throughout the United States, including New York, and maintained substantial aggregate contacts with the United States as a whole, including New York, was not a "truly exceptional case" where "a corporate defendant may be treated as essentially at home"); *Lopez*, 2017 WL 2229868, at *5. General jurisdiction requires analysis of defendants' New York activities *in the context of the companies' overall activity* in their entirety, nationwide and worldwide." *George Moundreas and Co. SA v. Jinhai Intelligent Mfg. Co. Ltd.*,

No. 20-CV-2626 (VEC), 2021 WL 168930, at * 4 (S.D.N.Y. Jan. 18, 2021) (emphasis in original) (cleaned up)).

The Supreme Court's decision in *Perkins v. Benguet Consol. Mining Co.* is "the textbook case of general jurisdiction appropriately exercised over a foreign corporation that has not consented to suit in the forum." *Goodyear,* 564 U.S. at 927-28. In *Perkins*, the president of the defendant, a Philippine mining corporation, temporarily relocated to the State of Ohio due to the Japanese occupation of the Philippines during World War II. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 419 (1952). There, he carried on "a continuous and systematic supervision of the necessarily limited wartime activities of the company. He there discharged his duties as president and general manager," by, among other things, maintaining corporate records and bank accounts, corresponding with employees, issuing salary checks to employees, holding meetings, and supervising company policies. *Id.* The exercise of general jurisdiction satisfied due process because "Ohio was the corporation's principal, if temporary, place of business." *Daimler*, 571 U.S. at 130 (cleaned up).

By contrast, in *Daimler*, the plaintiffs sued Daimler, a German corporation, in California for its role in Argentina's "Dirty War." *Daimler*, 571 U.S. at 117. Daimler's U.S. subsidiary operated three facilities, including a regional office, in California, and was the largest supplier of luxury vehicles to the California market, representing 2.4% of Daimler's worldwide sales. *Id.* at 752. These contacts, even when attributed to Daimler, were insufficient to render Daimler "at home in California, and hence subject to suit there on claims by foreign plaintiffs having nothing to do with anything that occurred or had its principal impact in California." *Id.* at 762. "If Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State" where the subsidiary made substantial sales. *Id.* at 761-62. This would "scarcely permit out-of-state

defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Id.* at 761-62 (cleaned up); *see also Brown v. Lockheed Martin*, 814 F.3d at 628-30 (Lockheed Martin not subject to personal jurisdiction in Connecticut despite operating multiple facilities and employing 30-70 workers in the state, deriving $160 million in revenue for its Connecticut-based work, and paying Connecticut taxes on that revenue, where these activities constituted a "very small part of its portfolio"); *Al-Ahmed*, 553 F.Supp.3d at 125 (Twitter not subject to general jurisdiction in New York despite maintaining its second largest corporate headquarters and employing over 10% of its workers in New York); *Lopez*, 2017 WL 2229868, at *7 (no personal jurisdiction over e-commerce company Shopify despite having multiple customers in New York, operating an office in New York, and running several promotional events in New York).

Plaintiff fails to meet the "very heavy burden" of establishing general jurisdiction over ERA. *Lopez*, 2017 WL 2229868, at *5 (S.D.N.Y. May 23, 2017). Plaintiff concedes that ERA is a Delaware limited liability company with its principal place of business in New Jersey. (Compl. ¶ 5 p. 2, Vidal Decl. ¶ 2.) He makes no allegations regarding ERA's contacts with New York other than the conclusory assertion that ERA conducts business in New York through an office in Queens Village, New York. (Compl. ¶ 5 p. 2.) Even if this were true, which it is not (Vidal Decl. ¶ 19), maintaining a single office in the State of New York is insufficient to establish general jurisdiction. *See, e.g.*, *Brown v. Lockheed Martin*, 814 F.3d at 628-30; *Al-Ahmed*, 553 F.Supp.3d at 125; *Lopez*, 2017 WL 2229868, at *7. In fact, ERA does not maintain a New York office or telephone number, does not employ anyone who works in a New York office, and does not offer any real estate brokerage services in New York. All of its corporate activities are directed from its New Jersey headquarters. (Vidal Decl. ¶¶ 19-21.)

ERA has entered into franchise agreements with six New York franchisees. Like Aspire, these franchisees operate residential real estate brokerages. The agreements were negotiated and executed by ERA in New Jersey, are governed by New Jersey law, and contain New Jersey forum selection clauses. ERA does not own or operate any of these brokerages. Moreover, they represent a small fraction of ERA's global franchising business – just 0.2%. ((Vidal Decl. ¶¶ 15-16, 22-23.) These activities are far fewer and less substantial than those found to be insufficient for general jurisdiction in *Daimler*, *Brown v. Lockheed Martin, Al-Ahmed*, and *Lopez*. *Daimler*, 571 U.S. at 761-62; *Al-Ahmed*, 553 F.Supp.3d at 125; *Brown v. Lockheed Martin*, 814 F.3d at 628-30; *Lopez*, 2017 WL 2229868, at *7.

Properly analyzed within that context, ERA's "attenuated connections to the State fall far short of the continuous and systematic general business contacts necessary to empower" New York to entertain suit against them on claims unrelated to anything that connects them to the State. *Goodyear*, 654 U.S. at 929; *see also George Moundreas*, 2021 WL 168930, at * 4. General jurisdiction "would be quite the *opposite* of exceptional if such contacts were held sufficient to render [ERA] at home" in New York. *Brown v. Lockheed Martin*, 814 F.3d at 628-30.

B.    This Court Lacks Specific Jurisdiction Over ERA.

Specific jurisdiction exists where the "defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (cleaned up); *see also Lopez*, 2017 WL 2229868, at *4. To determine whether ERA is subject to specific jurisdiction in New York, the Court must first assess whether jurisdiction is proper under New York's long-arm statute," N.Y.C.P.L.R. § 302(a). "Only if it is does the Court need to analyze whether personal jurisdiction comports with the Due Process Clause." *Al-Ahmed*, 553 F.Supp.3d at 126. Moreover, Plaintiff "must establish the court's jurisdiction with respect to *each* claim

asserted." *Sunward Elec's, Inc. v. McDonald*, 362 F.3d 17, 24 (2nd Cir. 2004) (emphasis in original).

Section 302(a) provides for specific jurisdiction where a claim arises in one of four contexts:

(1)    The defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state";

(2)    The defendant "commits a tortious act within the state;"

(3)    The defendant "commits a tortious act without the state causing injury to person or property within the state," if the defendant "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce"; or

(4)    Owns, uses or possesses any real property situated within the state.

Plaintiff has not alleged sufficient facts to establish any of these bases of specific jurisdiction, and cannot do so. Plaintiff asserts three causes of action: (1) direct copyright infringement, for the alleged unauthorized use of a photograph on a website located at the URL "wyomingfrontierrealty"; (2) vicarious and/or contributory copyright infringement, for the alleged use of unidentified photographs online; and (3) violations of 17 U.S.C. § 1202, the Digital Millennium Copyright Act, for allegedly removing copyright management information, or adding false copyright management information, to the photograph at issue.

1.    The Claims Do Not Arise Out of Any New York Transaction of Business or Property Interest (C.P.L.R. 302(a)(1) and (4)).

A court may exercise personal jurisdiction over a nondomiciliary defendant under §§ 302(a)(1) or (4) if the defendant "(1) transacts any business within the state or contracts anywhere to supply goods or services in the state" or "(4) owns, uses or possesses any real property situated within the state." C.P.L.R. § 302(a). "To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) the defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Al-Ahmad,* 553 F.Supp.3d at 126-27. "A suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Id.* (no relationship between Twitter's New York-based advertising and Plaintiff's claims for unlawful accessing and suspension of his Twitter account). "Similar to personal jurisdiction requirements under Section 302(a)(1), to allege personal jurisdiction over a non-domiciliary defendant under Section 302(a)(4), a plaintiff must demonstrate a relationship between the property and the cause of action." *George Moundreas And Co.*, 2021 WL 168930, at * 9.

Plaintiff makes only a conclusory allegation that ERA transacts business within New York. (Compl. ¶ 5 p. 2.) He does not allege that ERA's acts of alleged infringement and violations of the DMCA arose out of any such business transactions, however. Similarly, Plaintiff (incorrectly) alleges that ERA maintains an office in Queens, New York, but he does not allege any relationship between that office and his cause of action. *Id.*

Accordingly, he has not satisfied the requirements of § 302(a)(1) or (4). *Luke,* 2022 WL 595133, at * 4 (allegation that New York plaintiff purchased travel package through defendant's website was insufficient to establish jurisdiction over claims for personal injuries sustained at defendant's resort in Mexico); *Al-Ahmad,* 553 F.Supp.3d at 127-28; *see also Brown v. Showtime*,

394 F.Supp.3d at 434-35 (no nexus between British Broadcast Corporation's contracts with New York broadcasters to air BBC programming and Plaintiff's claims based on BBC's airing of documentary in the UK).

> 2.     The Claims Do Not Arise Out of Any Tortious Act that ERA Allegedly Committed in New York (C.P.L.R. 302(a)(2)).

"Section 302(a)(2) only extends specific jurisdiction to claims arising from the commission of a tortious act *within New York state*." *Brown v. Showtime*, 394 F.Supp.3d at 435 (emphasis in original); *see also Gordon v. Invisible Children, Inc.*, No. 14 Civ. 4122(PGG), 2015 WL 5671919, at * 5 (S.D.N.Y. Sept. 24, 2015).

Here, Plaintiff does not allege that any defendant committed any acts in the State of New York. Accordingly, he has not established specific jurisdiction over ERA pursuant to Section 302(a)(2).

> 3.     The Claims Do Not Arise Out of Any Tortious Act Outside New York Alleged to Have Caused Injury to Plaintiff In New York (C.P.L.R. 302(a)(3)).

> a.     Plaintiff Does Not Allege Injury In New York.

Section 302(a)(3) requires that the defendant's alleged conduct outside New York "caused injury within New York." *Troma Entm't v. Centennial Pictures Inc.*, 729 F.3d 215, 218 (2nd Cir. 2013) (cleaned up).

In a copyright infringement suit, Plaintiff "must allege that the harm was localized to New York – that [he] lost sales in the New York market or lost customers that are New York customers." *Hanover v. One Comm'ns (Guyana) Inc.*, No. 24-CV-6637 (ARR) (RML), 2025 WL 948116, at *7 (E.D.N.Y. Mar. 28, 2025). These allegations must state facts "demonstrating a non-speculative and direct New York-based injury to [Plaintiff's] intellectual property rights." *Troma*, 729 F.3d at 220; *Hanover*, 2025 WL 948116, at * 7. "[C]onclusory assertions of harm to [] intellectual property

rights or lost profits are plainly insufficient." *Hanover,* 2025 WL 948116, at * 7. Moreover, "the suffering of economic damages in New York is insufficient, alone, to establish a direct injury in New York for N.Y. C.P.L.R. § 302(a)(3) purposes. *Troma*, 729 F.3d at 219 (cleaned up).

Here, Plaintiff (a California resident) alleges that ERA (a New Jersey entity) and Aspire (a Wyoming entity) altered and posted his image of Grand Teton National Park on Aspire's website promoting its Wyoming residential real estate business, induced and participated in each others' actions, [2] and profited from them. (Compl. ¶¶ 4-6 p. 2, ¶ 15 p. 3, ¶¶ 22-23 pp. 8-9, and Exhs. A, B; Vidal Decl. ¶¶ 2, 4-12; Gray Decl. ¶¶ 2-4 and Exhs. A-C.; Request for Judicial Notice.) The Complaint does not allege, however, that these actions harmed Plaintiff in the State of New York. Indeed, the few allegations of harm found in the Complaint are conclusory and speculative. *See, e.g.,* Compl. ¶ 11 p. 6, ¶ 17 p. 8 ("MCGUCKEN has suffered general and special damages in an amount to be established at trial"); ¶ 25 p. 9 ("MCGUCKEN has been damaged").

> b.      The Situs of Harm for Copyright Infringement Is
>         the Domicile of the Owner.

Copyright infringement causes "injury in the state where the allegedly infringed intellectual property is held." *Pablo Star Ltd. v. Welsh Gov't*, 170 F.Supp.3d 597, 607 (S.D.N.Y. 2016) (citing cases); see also 3 Nimmer on Copyright § 12.01("Because a copyright is an intangible, incorporeal right, it has no situs apart from the domicile of the proprietor") (emphasis in original). Plaintiff resides in California, and any injury arising from violations of the Copyright Act are felt there.

---

[2] Plaintiff asserts in conclusory fashion that each defendant "was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the other defendants." (Compl. ¶ 7 p. 3.) However, the Court need not accept such conclusory allegations as true. *See, e.g., Lopez*, 2017 WL 2229868, at *3; *see* Vidal Decl. Exh. A § 21 (franchisee is an independent contractor and not an agent of ERA).

Even if Plaintiff were to allege that he suffered lost potential sales in New York, that would be insufficient in a case like this one where those losses stemmed from the posting of the allegedly altered image online. If the asserted basis for harm is that the website is accessible in New York, then such alleged infringements would "*always* cause injury in New York, no matter how thin a plaintiff's connection to the forum. Such a rule is not consonant with a plaintiff's obligation under New York law to allege facts demonstrating a non-speculative and direct New York-based injury to its intellectual property." *Pablo Star*, 170 F.3d at 607 (citing *Troma*, 729 F.3d at 220). Moreover, here, the "most concrete lost potential sales" are the fees Defendants would have paid Plaintiff for the right to use the photograph, "not foregone sales to New York consumers who merely viewed the [photo] online. To the extent that this harm causes injury in any single place – a dubious proposition – that place is not New York." *Id.*

c.    Personal Jurisdiction Would Be Improper Under the "Effects Test."

Section 302(a)(3) is "roughly analogous to the effects test" adopted by the Supreme Court in *Calder v. Jones*. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 254 n.14 (2nd Cir. 2007); *see also Lopez*, 2017 WL 2229868, at *9.

In *Calder*, a California resident sued an individual residing in Florida and a Florida corporation over the publication of an allegedly defamatory article in the *National Enquirer*. *Calder v. Jones*, 465 U.S. 783, 785 (1984). The Supreme Court held that jurisdiction in California was proper because the defendants' actions were "expressly aimed" at California and "they knew that the brunt of that injury would be felt by [plaintiff] in the State in which she lives and works and in which the National Enquirer has its largest circulation." *Id.* at 789-90.

To satisfy *Calder,* Plaintiff must show that ERA's intentional actions were "expressly aimed at New York." *Lopez,* 2017 WL 2229868, at *9. This "requires something more than in-

state harm to the plaintiff alone." *Id.* Plaintiff does not allege any facts connecting ERA's conduct to the State of New York. "[E]xtending *Calder* to this case would circumvent the express aiming requirement, as it cannot be said that New York is the focal point of the torts alleged in this litigation." *Id.*

Accordingly, Plaintiff has failed to establish jurisdiction under § 302(a)(3).

4.    The Exercise of Specific Jurisdiction Would Not Comport With Due Process.

Even if a statutory basis for jurisdiction were to exist here, Plaintiff still must show that ERA (1) "has certain minimum contacts with New York," and (2) "that the exercise of jurisdiction is reasonable in the circumstances." *Lopez*, 2017 WL 2229868, at *8. Moreover, "for a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284, (2014).

Even if Plaintiff "could somehow shoehorn this case into C.P.L.R. § 302, exercising jurisdiction in this case would run afoul of due process protections. There is simply no meaningful connection between New York" and the alleged "suit-related conduct." *George Moundreas*, 2021 WL 168930, at *11 (no specific jurisdiction over Chinese defendants in action seeking to confirm and enforce arbitration awards issued by foreign arbitrator in foreign arbitration involving shipbuilding at a Chinese shipyard). Jurisdiction does not meet due process requirements here because Plaintiff has alleged no facts tying ERA's conduct to New York and no facts demonstrating harm in New York. ERA has franchise agreements with six New York franchisees, but Plaintiff does not allege that "these New York connections with unrelated people have any nexus to [Plaintiff's] claims in this lawsuit." *Lopez*, 2017 WL 2229868, at *8.

## II.    VENUE IS IMPROPER

The Complaint (1) alleges that venue is proper because "this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred"; and (2) cites as an additional basis for venue 28 U.S.C. §1400, which permits venue "where the defendant or his agent resides." (Compl. ¶ 3 p. 2.)

As demonstrated above, the Plaintiff has made *no* allegation that any relevant act occurred in this District, much less a substantial part of such acts.[3] "The only concrete infringing materials that Plaintiff[] can identify are materials that were available online. But the fact that an infringing material is accessible via the internet in a jurisdiction is hardly sufficient to conclude that this infringement *occurred* in this district for the purposes of venue." *Pablo Star*, 170 F.Supp.3d at 608 (venue in Southern District of New York improper over online copyright infringement claims against Welsh government where Plaintiff did not allege any specific conduct in the district and all of government's conduct occurred overseas).[4]

As for venue pursuant to §1400, a "defendant may be found wherever that person is amenable to personal jurisdiction." *Linzer v. EMI Blackwood Music, Inc.*, 904 F. Supp. 207, 215 (S.D.N.Y. 1995) (cleaned up). As demonstrated in detail above, this Court does not have personal jurisdiction over ERA. Therefore, venue is improper under §1400. *Cf. Linzer*, 904 F. Supp. at 215.

---

[3] Indeed, the sole fact alleged that is relevant to venue is that ERA maintains an office in Queens. (Compl. ¶ 5 p. 2.) Even if this were true, which it is not (Vidal Decl. ¶¶ 19, 21), and if ERA had performed the alleged acts in that office, it would support venue in the Eastern District of New York, not this District. 28 U.S.C. § 1391(b)(2).

[4] In pertinent part, the plaintiff in *Pablo Star* sought to ground venue in 28 U.S.C. § 1391(f)(1), which mirrors § 1391(b)(2).

DEF. ERA FRANCHISE SYSTEMS, LLC'S MTD        14                    CASE NO. 1:26-CV-00476-JHR

**III.     THE COURT SHOULD NOT GRANT LEAVE TO AMEND.**

"Leave to amend need not be granted … where the proposed amendment would be futile." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2nd Cir. 1997); *see also Lopez*, 2017 WL 2229868, at \*10 (denying leave to amend).

Here, a California resident sues a New Jersey entity and a Wyoming entity for alleged alteration and infringement of a Wyoming photograph used to promote a Wyoming business. (Compl. ¶¶ 4-6 p. 2, ¶ 15 p. 3, ¶¶ 22-23 pp. 8-9, and Exhs. A, B; Vidal Decl. ¶¶ 2, 4-12; Gray Decl. ¶¶ 2-4 and Exhs. A-C.; Request for Judicial Notice.) There is no set of facts that Plaintiff can plausibly allege tying this action to New York. The Court should deny leave to amend.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint for lack of personal jurisdiction and improper venue, without leave to amend.

Respectfully submitted,

*/s/ Naomi Jane Gray*
Naomi Jane Gray
Shades of Gray Law, P.C.
100 Shoreline Highway, Suite 386B
Mill Valley, CA 94941
Tel: (415) 746-9260
Email: ngray@shadesofgray.law

Attorneys for Defendant
ERA Franchise Systems, LLC

**CERTIFICATE OF COMPLIANCE**

I hereby certify pursuant to Section 5.B of this Court's Individual Rules and Practices in Civil Cases that the foregoing Memorandum of Law contains no more than 8,750 words, exclusive of the caption, Table of Contents, Table of Authorities, signature block, and this Certificate of Compliance.

Dated: April 13, 2026

*/s/ Naomi Jane Gray*
Naomi Jane Gray
Shades of Gray Law, P.C.
100 Shoreline Highway, Suite 386B
Mill Valley, CA 94941
Tel: (415) 746-9260
Email: ngray@shadesofgray.law

Attorneys for Defendant
ERA Franchise Systems, LLC