

Naomi Jane Gray
Shades of Gray Law Group, P.C.

(415) 746-9260
ngray@shadesofgray.law

April 13, 2026

**BY ECF**

Hon. Jennifer H. Rearden
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10601

        Re:     *McGucken v. ERA Franchise Systems, LLC, et al.*, No. 1:26-cv-00476

Your Honor:

Defendant ERA Franchise Systems, LLC ("ERA") respectfully submits this letter pursuant to Sections 5.C and F of this Court's Individual Rules and Practices in Civil Cases and in support of its Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue.

Substantive Argument Advanced in Papers

In this action, a California plaintiff sues a New Jersey entity (ERA) and a Wyoming entity, alleging that the defendants altered and posted without authorization his photograph of Grand Teton National Park on the Wyoming entity's website promoting its residential real estate business focusing on the Wyoming market. Aside from a single (and inaccurate) conclusory allegation that ERA does business in the State of New York through an office in Queens Village, the Complaint makes no factual allegations supporting personal jurisdiction or venue in this District.

Plaintiff bears the burden of establishing personal jurisdiction (general or specific) over ERA. The threshold for establishing general jurisdiction over an out-of-state defendant like ERA is high. Except in a truly exceptional case, an entity is treated as essentially at home only in the state where it is formed or where it maintains its principal place of business. For a court to exercise general jurisdiction, the defendant's affiliations with the forum state must be so continuous and systematic as to render the defendant essentially at home in the forum State. This requires analysis of the defendant's New York activities in the context of its overall activity, nationwide and globally.

Plaintiff concedes that ERA is a Delaware entity with its principal place of business in New Jersey. Even if ERA maintained an office in Queens, which it does not, that alone would be insufficient to support general personal jurisdiction in New York. ERA is a global franchisor of independently owned and operated residential real estate brokerage firms. It has entered into agreements with franchisees in over 30 countries. Just six of these franchisees operate in New York, representing just 0.2% of franchised operations. This falls far short of the degree of contacts necessary for general jurisdiction.

100 Shoreline Highway Suite 386B
Mill Valley, CA 94941

www.shadesofgray.law
Twitter: @shadesofgraylaw

Hon. Jennifer H. Rearden
April 13, 2026
Page 2

A New York court may exercise specific jurisdiction over a nonresident defendant if the plaintiff's claims arise out of one of the following types of activities on the defendant's part: (1) doing business in New York; (2) committing a tort within New York; (3) committing a tort outside of New York that causes harm within New York if the defendant does business in New York or expects the act to have consequences in New York; or (4) the ownership or use of real property within New York. The Complaint makes no allegations supporting jurisdiction under any of these provisions.

The Complaint does not allege that the alteration or infringement of his photograph arises out of any business transaction or property interest in New York. The Complaint also does not allege that ERA engaged in any acts within the State of New York giving rise to his claims. Therefore, Plaintiff has not satisfied items (1), (2), or (4) above.

The Complaint also does not allege an injury in New York, or that ERA expressly aimed any action at the State of New York. The situs of harm for copyright infringement is the domicile of the owner, and economic damages within New York alone are insufficient to support specific jurisdiction. Accordingly, Plaintiff has not satisfied item (3) above.

Venue is likewise improper here. Because ERA does not do business in New York, it is not "found" in this District for venue purposes. Moreover, Plaintiff has made no allegation that any relevant act occurred in this District, much less a substantial part of such acts.

Plaintiff has not made any allegations sufficient to establish jurisdiction, and cannot do so. There is simply no meaningful connection between New York and the acts alleged in the Complaint. The Court should dismiss the Complaint without leave to amend.

<u>Request for Oral Argument</u>

ERA believes oral argument would be beneficial to assist the Court in assessing the lack of contacts between ERA and New York.

Respectfully submitted,

*/Naomi Jane Gray*
Naomi Jane Gray
Counsel for Defendant
ERA Franchise Systems, LLC